**Cite as:  Opinion No. 00-032  (December 18, 2000)**
**(unpublished)**

**GAMING ) BINGO ) CHARITABLE ORGANIZATION MUST OBTAIN PERMIT TO CONDUCT CHARITABLE BINGO EVENT IN CALVERT COUNTY**

December 18, 2000

*Mr. Emanuel Demedis, Esquire*
*County Attorney for Calvert County*

*Mr. Robert B. Riddle, Esquire*
*State's Attorney for Calvert County*

You have requested our opinion as to whether a volunteer fire department, or a fraternal, civic, war veterans', religious, or charitable organization or corporation must obtain a permit from the Board of County Commissioners before conducting a charitable bingo event in Calvert County.  In your letter, a copy of which is attached, you state your opinion that such an organization must obtain a permit.

We have carefully reviewed the matter and agree with your analysis and conclusions. We have also reviewed the legislative history of the two statutes referenced in your letter. Briefly, in 1969 the Legislature amended Annotated Code of Maryland, Article 27, §255, to authorize charitable organizations in Calvert County to conduct carnivals, bazaars, or raffles and to award prizes "by such devices as ... bingo."  Chapter 617, Laws of Maryland 1969. No permitting process was established at that time.  The next year, the Legislature enacted Article 27, §259A, which created a licensing regime for commercial bingo in Calvert County, but excluded charitable organizations "authorized by law to operate any such game," presumably referring to the legislation passed the previous year.  Chapter 575, Laws of Maryland 1970.  Finally, in 1989 the General Assembly added the permitting process for charitable gaming events in Calvert County that now appears in Article 27, §255(i).  Chapter 198, Laws of Maryland 1989.  There was no explicit exception in that bill (House Bill 442) of bingo operated by a charitable organization.  Although there is a brief reference in the floor report for that bill to the licensing provisions for commercial bingo in Article 27,

§259A, there is no indication in the legislative file that the General Assembly intended to exempt charitable bingo from the permit process that the legislation established.[1]

We note that this analysis does not apply to other political subdivisions in the State, because the laws regulating bingo and other forms of gaming differ among various jurisdictions.

J. Joseph Curran, Jr.
*Attorney General*

Robert N. McDonald
*Chief Counsel*
 *Opinions & Advice*

*For a copy of the attachment email:opinions@oag.state.md.us*

---

[1]In your letter you note that bingo operated by charitable organizations has historically been exempted from the permitting process in Calvert County, but that you have been unable to ascertain the reason for that practice. Should you obtain more information concerning the origin of the past practice, we would consider that information in our evaluation of the issue, although it would not necessarily affect the conclusion.